UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAULA J. HOLMAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:15-0634 |
| v. ) | Judge Crenshaw/Brown |
| ) | **Jury Demand** |
| BINDTECH INC., ) | |
| ) | |
| Defendant ) | |

**TO:   THE HONORABLE WAVERLY CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.[1]

### BACKGROUND

The Plaintiff, acting *pro se*, filed a complaint against Bindtech on June 8, 2015 (Docket Entry 1). The District Judge reviewed the matter and approved the Plaintiff's application to proceed *in forma pauperis* and directed the issue of process for the Defendant (Docket Entry 4). The case was subsequently referred to me for case management and for a report and recommendation as to any dispositive matter (Docket Entry 16).

After the Defendant filed an answer (Docket Entry 19) the matter was set for a case management conference on October 1, 2015. As a result of the case management conference, the possibility of early settlement was raised and the Magistrate Judge stayed the entry of a formal scheduling order until the conclusion of a settlement conference, or 90 days, whichever came earlier.

Magistrate Judge Knowles conducted a settlement conference with the parties on December 8, 2015. However, the case could not be

---

[1]Although if the dismissal is without prejudice the statute of limitations may preclude the refiling of a new complaint.

settled at that time. Subsequently, a telephone conference was set for May 9, 2016 (Docket Entry 40) to enter a scheduling order. Unfortunately, at the time appointed for the telephone conference, the Plaintiff did not call in and efforts to reach her at her last known telephone number were not possible because the number was not valid.

As a result of the failed conference call, the Magistrate Judge entered a show cause order (Docket Entry 50) directing the Plaintiff to file with the Court an explanation of why she failed to call in as directed and why she had not responded to discovery requests with 30 days. The Plaintiff was specifically warned that failure to show cause or to promptly respond to discovery requests within 14 days of the entry of the order could result in a recommendation that her case be dismissed for failure to prosecute and failure to obey Court orders.

It appears that certified mail sending this order to the Plaintiff was returned as undeliverable (Docket Entry 52), although it was sent to the same address where the Plaintiff had previously received certified mail (Docket Entries 42, 46 and 49).

The Plaintiff was cautioned in the initial scheduling order (Docket Entry 40, p. 6) that she must always keep a current address on file with the Court and that failure to attend hearings or participate promptly in the process of the case can result in a recommendation that the case be dismissed for failure to prosecute. As of the date of this order, the Plaintiff has not provided a new address where she can receive mail, nor has she responded to the Court's order to show cause. It does not appear that mail sent to the Plaintiff by regular delivery has been returned.

**LEGAL DISCUSSION**

A dismissal with or without prejudice is a drastic remedy and before the court contemplates dismissing an action under Rule 41(b) the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dilatory conduct of the party;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) where the less drastic sanctions were imposed or considered before dismissal was granted.
>
> *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was specifically warned in the scheduling order of the need to keep a current address on file and of the possible consequences of failing to do so. In this case the Plaintiff has apparently failed to provide the Court with a current address and a current telephone number. Her failure to do so appears willful. The Plaintiff has failed to respond to discovery requests, which are vital to the Defendant's ability to defend in the matter, and the Plaintiff has failed to participate in a scheduled case management conference and has failed to show any reason for not participating.

Under these circumstances the Magistrate Judge believes that dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases toward resolution. The District Court has the power to dismiss an action for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962). The Plaintiff is presently out of touch with the Court, has failed to respond to discovery requests and to attend

3

a scheduled case management conference. Defendants are prejudiced in that they are unable to obtain any response to their discovery requests.

The Magistrate Judge has considered the less drastic sanctions of dismissal without prejudice rather than dismissal with prejudice and will recommend the lesser sanction.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obey Court orders and to prosecute. The Magistrate Judge further recommends that any appeals on this dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of June, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

4